IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-HC-2172-BO

FILED
SEP 1 2 2008
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

| | |
|---|---|
| ANTHONY C. FOSTER, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| GEORGE SNYDER and U.S. PAROLE ) | |
| COMMISSION, ) | |
| Respondents. ) | |

Anthony C. Foster, a D.C. Code Offender and parole violator, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent has filed a motion to dismiss, or alternatively, for summary judgment. Petitioner has responded, and the matter is ripe for determination.

On April 4, 1989, petitioner was sentenced in the Superior Court of the District of Columbia to a term of 15 years to life for Second-degree Murder while Armed, Simple Assault, and Carrying a Pistol without a License. He was 17 years old. On January 12, 1998, the D.C. Board of Parole paroled petitioner. In 2000, he came under the jurisdiction of the United States Parole Commission pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997.

On December 3, 2001, and December 10, 2003, letters of reprimand were sent by the Commission to petitioner for problems with alcohol and drug use. Some of the positive drug tests were for use of opiates and on September 22, 2001, he had been arrested for driving under the influence (no indication of a conviction).

On September 4, 2004, petitioner was arrested after a traffic stop at 4:00 am for reckless driving during which he produced a gun, allegedly shot the gun, and was shot and injured by Greenbelt Police Officer Craig Kayton. The officer was in uniform and driving a marked police cruiser with its emergency lights activated. The arrest occurred in Greenbelt, Maryland, at the apartment of petitioner's girlfriend. They located him as a result of a trail of blood and telephone call to police from his girlfriend. He was transported to PG Hospital for treatment of a gunshot wound to the left forearm. Officer Lowndes accompanied the ambulance and was present during petitioner's initial hours of treatment.

Throughout his arrest and treatment, numerous statements regarding suicide were made by petitioner. A cut on his left wrist also indicated a try or attempt to take his life. Therefore, Officer Lowndes completed a Petition for Emergency Evaluation at 9:30 am on September 4, 2004, resulting in petitioner's commitment to the psychiatric unit of the hospital.

At 2:30 pm on September 4, 2004, petitioner was charged in the District Court of Maryland for Prince George's County with Attempted First Degree Murder, Assault-First Degree, Hand Gun Use in a Crime of Violence, and Handgun on Person.

Very early on the morning of September 5, 2004, petitioner disappeared from the psychiatric unit. Neighboring police departments were notified of petitioner's escape and a United States Police helicopter searched for him in the area around the hospital.

On September 7, 2004, petitioner's United States Probation Officer notified the Parole Commission of petitioner's arrest and escape. The Probation Officer requested an immediate parole violator warrant for petitioner's arrest, noting his location was unknown and that the Greenbelt Police Department listed him as "armed and dangerous." The

2

Commission issued a warrant the same day, charging petitioner with Use of Dangerous and Habit Forming Drugs, Assault with a Deadly Weapon, Felon in Possession of a Firearm, Escape from Custody, and Failure to Report Arrest.

On September 22, 2004, petitioner's Probation Officer reported to the Commission that petitioner's attorney telephoned and stated petitioner "may be preparing to turn himself in."

On October 22, 2004, petitioner was taken back into custody. On November 18, 2004, the Grand Jury returned six charges against petitioner: Count 1) First Degree Assault in violation of Maryland Code, Criminal Law § 3-202; Count 2) Use of a Handgun in Commission of a Crime of Violence in violation of Maryland Code, Criminal Law § 4-204; Count 3) Carrying a Handgun in violation Maryland Code, Criminal Law § 4-203(a)(1)(i); Count 4) Transporting Handgun in violation of Maryland Code, Criminal Law § 4-203(a)(1)(i) ; Count 5) Possessing a Regulated Firearm After Conviction of a Crime of Violence in violation of Maryland Criminal Law § 5-133(c) ; and Count 6) Obliterating ID Number of Firearm in violation of Maryland Criminal Law § 5-142.

On April 5, 2005, petitioner plead guilty to Count 1, First-Degree Assault, and Count 3, Carrying a Handgun. He was sentenced to a 7-year term for Count 1 and concurrent 3 year term on Count 3.

The Parole Commission's warrant was filed as a detainer while petitioner served his state sentence. In 2006, after the Commission declined to lift the detainer, petitioner filed a motion in the Maryland state court to reduce his sentence. On December 15, 2006, the court, by order, reduced both his 7-year sentence and his concurrent 3-year sentence to a term of 2 years and 2 months (740 days) with three years probation to run consecutively to

3

any other sentence. On December 28, 2006, he was released from state custody and the Commission's warrant was executed.

On March 1, 2007, the Commission conducted a parole revocation. The pre-hearing review Hearing Examiner rated petitioner's offense behavior as Category Seven based on the assault with serious bodily injury intended and that he should be given additional guidelines for his escape from the hospital.

The Hearing Officer who conducted the revocation hearing disagreed and concluded the offense behavior at a Category Six severity. This included the assault with a deadly weapon against a police officer, but the examiner did not recommend guidelines for the escape. He calculated petitioner's total guidelines at 52-64 months with a recommended release after 52 months.

A third Hearing Examiner, the Executive Reviewer, disagreed with the recommendation of the revocation hearing examiner. This Examiner recommended an offense behavior at Category Seven severity based on the assault with serious bodily injury intended and she also recommended, as had the first examiner, additional guidelines for the escape from the hospital. She found not credible, petitioner's claim that he did not realize the stop was one by a police officer because "his high beam light [was] on and he could not see who was walking up behind him." She pointed out that the officer was in a marked cruiser with emergency lights flashing and that petitioner stated at the hospital he had shot at a police officer, and the application for statement of charges reflected that he had shot at the officer, as well. She concluded therefore "sufficient information to make a finding that the offense involved assault with serious bodily injury intended on a police officer." She

4

also found the claim he had not escaped from custody not credible. She recommended total guidelines of 72 - 108 months and release after the service of 88 months.

The fourth Hearing Examiner agreed with the Executive Reviewer and the recommendation was sent to the Parole Commissioners for a decision. The recommendation was signed, and petitioner was ordered to continue to a presumptive parole date of February 22, 2012, after the service of 88 months.

On April 12, 2007, pursuant to the order, the Commission issued a Notice of Action rating petitioner's offense behavior as Category Seven severity based on "Assault on a police officer with serious bodily injury intended." Petitioner's guidelines for the assault behavior were 64 - 92 months. The Commission added 8 - 16 months of rescission guidelines for the escape form the hospital on September 5. This created a total guidelines range of 72 - 108 months, and the Commission ordered him to serve 88 months.

Petitioner appealed claiming adequate consideration was not given for his success on parole or the effect the greater sentence would have on his family. He also argued the Commission erred in the determination of an offense severity rating of seven and the untrustworthiness of the information, as well as, an insufficiency of evidence to support the escape. On July 23, 2007, the National Appeals Board affirmed the Commission's decision.

## ISSUES

Petitioner makes three claims: 1) error in the offense severity category of seven; 2) error in applying rescission guidelines for the escape; and 3) procedural due process violations.

## DISCUSSION

Because the government has attached matters outside the pleadings, which the Court has considered in its review, the motion will be treated as a motion for summary judgment. See Fed. R. Civ. P. 12(d). Summary judgment is appropriate when there exists no genuine issue of any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby Inc, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

i.  Error in the Offense Severity Category of Seven

Petitioner first argues that the Commission should not have applied the guidelines under an offense severity rating of seven. However, decisions to grant or revoke parole are committed to the discretion of the United States Parole Commission. Garcia v. Neagle, 660 F.2d 983, 988 (4th Cir. 1981). Failure of the Commission to follow constitutional, statutory, and regulatory provisions may be considered by the court. Id..

Here, petitioner plead guilty under Maryland law to First-Degree Assault. This statute reads:

> (a)(1) A person may not intentionally cause or attempt to cause serious physical injury to another.
> (2) A person may not commit an assault with a firearm . . .

Maryland Code, Criminal Law § 3-202, Par. (a) (list of firearms omitted).

6

The Commission placed the guilty criminal conviction into Category Seven severity using the regulations provided in 28 C.F.R. § 2.20 which places an assault where "serious bodily injury results" or "serious bodily injury is the result intended" into that category. 28 C.F.R. § 2.20, Chapter Two, Subchapter B, Paragraph 212 (a). "Serious Bodily injury is the result intended" is defined as "limited . . . behaviors where the circumstances indicate . . the bodily injury intended was serious . . . but where it is not established that murder was the intended object." Id., Subchapter B - - Definitions, # 17.

Petitioner plead guilty to Maryland Code, Criminal Law § 3-202 of First-Degree Assault. Based on the crime, and having plead guilty to the crime which established an attempt to commit serious bodily injury, the Commission had the discretionary authority to place him within a category seven severity. See Jenkins v. State, 146 Md. App. 83, 135, 806 A.2d 682, 712 (2002), reversed on other grounds, 375 Md. 284, 825 A.2d 1008 (if a person is convicted of first degree assault under paragraph (a)(2) (assault with a firearm)of the Maryland statute , "an intent to cause serious physical injury can be inferred."); Morrissey v. Brewer, 408 U.S. 471, 490 (1972) ("[A] parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime."). The claim is meritless.

ii.  Error in Applying Rescission Guidelines for the Escape

Petitioner appears to assert that he should not have been given, or subjected to, an additional 8 - 16 months of incarceration under 28 C.R.F. § 2.36(a)(2). He argues, specifically, that he was not in a prison facility or halfway house on September 5, 2004, and therefore, was improperly subjected in an inapplicable provision of the guidelines. Furthermore, he argues, that he was never charged with, or convicted of, the escape.

7

The Commission may sanction "disciplinary infractions or new criminal conduct committed by a prisoner during any period of confinement that is credited to his current sentence (whether before or after sentence is imposed), but prior to his release on parole; and by a parole violator during any period of confinement prior to or following the revocation of his parole (except when such period of confinement has resulted from initial parole to a detainer)." 28 C.F.R. § 2.36(a). Pursuant to 28 C.F.R. § 2.36(a)(2), guidelines are provided for both (I) escape and (II) new criminal behavior in a prison facility. The Commission found it proper to add 8 - 16 months of "rescission guidelines" to the guideline range for the escape from the psychiatric unit where he was involuntarily committed by the police after his September 4, 2004, arrest.

In general the Commission may consider evidence of offenses in which the charges were not adjudicated, dismissed, or uncharged. See Villarreal v. United States Parole Comm'n, 985 F.2d 835, 839 (5th Cir. 1993); Whitehead v. United States Parole Comm'n, 755 F.2d 1536, 1537 (11th Cir.1985) (per curiam) (The Parole Commission has the authority to make its own independent findings of criminal behavior regardless of the disposition of the defendant's criminal charge.); Campbell v. United State Parole Com'n, 704 F.2d 106,109-10 (3rd Cir. 1983) (citing United States ex rel. Goldberg v. Warden, 622 F.2d 60 (3d Cir. 1980)). Neither is there a specific requirement of criminal charges for escape to consider escape behavior. See 28 C.F.R. § 2.36(a)(2) & (3); Blue v. Lacy, 857 F.2d 479, 481 (8th Cir. 1988). Therefore, petitioner's claim that the Commission could not include the rescission guidelines because he has not been charged criminally of an escape is simply a misstatement of the parole regulations.

8

Secondly, the regulation states that it encompasses "a parole violator during any period of confinement prior to or following the revocation of his parole." The Commission found by a preponderance of the evidence that petitioner was a parole violator who escaped from secure custody on September 5, 2004. Therefore, the finding was appropriately made and within the discretionary authority of the Commission. See Garcia, 660 F.2d at 988; see 28 C.F.R. Sec. 2.105(a), C.F.R. § 2.200, and § 2.218(a); Allston v. Gaines, 158 F. Supp. 2d 76, 80 (D. D.C. 2001) (Commission has the authority to revoke parole if it finds, by a preponderance of the evidence, petitioner violated his parole).

### iii. Violations of 28 C.F.R. § 2.19(c)

Petitioner's final argument is that the Commission violated 28 C.F.R. § 2.19(c) by failing to provide notice and opportunity to respond to the evidence against him. That provision of the regulations reads as follows:

> The Commission may take into account any substantial information available to it in establishing the prisoner's offense severity rating, salient factor score, and any aggravating or mitigating circumstances, provided the prisoner is apprised of the information and afforded an opportunity to respond. If the prisoner disputes the accuracy of the information presented, the Commission shall resolve such dispute by the preponderance of the evidence standard; that is, the Commission shall rely upon such information only to the extent that it represents the explanation of the facts that best accords with reason and probability. If the Commission is given evidence of criminal behavior that has been the subject of an acquittal in a federal, state, or local court, the Commission may consider that evidence if:
>
> (1) The Commission finds that it cannot adequately determine the prisoner's suitability for release on parole, or to remain on parole, unless the evidence is taken into account;
>
> (2) The Commission is satisfied that the record before it is adequate notwithstanding the acquittal;

9

(3) The prisoner has been given the opportunity to respond to the evidence before the Commission; and

(4) The evidence before the Commission meets the preponderance standard.

In any other case, the Commission shall defer to the trial jury. Offense behavior in Category 5 or above shall presumptively support a finding under paragraph (c)(1) of this section.

28 C.F.R. § 2.19(c).

Petitioner was clearly given notice and an opportunity to respond. First, as to the First Degree Assault violation, he plead guilty to that conviction within the District Court of Maryland on April 5, 2005. As stated above, an element of this crime is intent to inflict serious physical injury, either actual or inferred by the use of a firearm. See Jenkins, 146 Md. App. at 284. He was also given an opportunity to respond at his parole revocation hearing and did so through counsel. Government Exhibit S, Hearing Summary, p. 1, 2-3. He argued that he did not shoot the officer or intend to inflict serious bodily injury. Id. Likewise, he was given notice of the escape charge. Id. at 3-4. Through counsel, he also argued over that count. Id. The claim is without merit.

Accordingly, respondent's motion for summary judgment is ALLOWED and the case is DISMISSED. Having so determined, any other pending motions are DENIED as MOOT, and the case is CLOSED.

SO ORDERED, this 12 day of September 2008.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

10